IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

```
┌─────────────────────────────────────────────┐
│ ✓  FILED              LODGED                  │
│    RECEIVED           COPY                    │
│  ┌─────────────────────────────┐             │
│  │                             │             │
│  │      MAY 2 2 2025           │             │
│  │                             │             │
│  └─────────────────────────────┘             │
│     CLERK U S DISTRICT COURT                  │
│        DISTRICT OF ARIZONA                    │
│ BY_____  DEPUTY            │
└─────────────────────────────────────────────┘
```

Jason Adam Jensen,

Plaintiff, Pro Se

v.

Arizona Supreme Court,

State Bar of Arizona,

State of Arizona;

Defendants

Case No. ___CV-25-00239-TUC-JGZ___

# COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Jason Adam Jensen, appearing pro se, brings this action for declaratory and injunctive relief against the Arizona Supreme Court, the State Bar of Arizona, and the State of Arizona. This complaint arises from the implementation and enforcement of ethical rules and practices that allow attorneys to initiate guardianship proceedings against their clients based on perceived incapacity or communication difficulty. Plaintiff alleges that this structure is inherently discriminatory under federal disability laws and infringes upon core constitutional protections.

## I. JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this case arises under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132 et seq., and 42 U.S.C. § 1983 for violations of constitutional rights. Venue is proper in this District under 28 U.S.C. § 1391 because the events giving rise to this claim occurred in Arizona.

## II. PARTIES

Plaintiff is a resident of Tucson, Arizona, diagnosed with autism spectrum

disorder and other cognitive disabilities. Plaintiff is capable of articulating his legal and civil rights but requires procedural accommodations for effective participation in legal proceedings.

Defendants are state entities responsible for adopting, enforcing, and supervising the ethical and regulatory rules governing licensed attorneys in Arizona.

III. STATEMENT OF CLAIMS

1. Under Arizona Rules of Professional Conduct, attorneys are permitted to petition courts for guardianship over their clients when they believe the client cannot act in their own interest—even absent abuse, neglect, or exploitation.

2. This structure permits and encourages discriminatory behavior based on disability stereotypes, particularly communication difficulties and neurodivergence, in violation of 42 U.S.C. § 12132 and implementing regulations at 28 C.F.R. § 35.130(b)(7).

3. Plaintiff reasonably fears that any interaction with appointed counsel could be weaponized to justify guardianship, effectively chilling access to legal assistance and violating the ADA's integration mandate and anti-retaliation clause under 42 U.S.C. § 12203.

4. This construct creates a chilling effect on self-advocacy by disabled persons and undermines trust in the attorney-client relationship. It deters meaningful engagement with the justice system and perpetuates systemic exclusion.

IV. CLAIMS FOR RELIEF

Count I: Violation of Title II of the Americans with Disabilities Act (42 U.S.C. § 12132)

Defendants' ethical rules and practices constitute discrimination against individuals with disabilities by permitting adverse legal action (i.e., guardianship) based on disability-related communication barriers or perceived incapacity, without due process or individualized assessment.

Count II: Violation of Title II – Failure to Provide Reasonable Modifications

By failing to require or implement clear, accessible ADA processes before initiating guardianship or evaluating capacity, Defendants deny reasonable procedural modifications that would allow disabled individuals to participate equally in legal representation and court processes.

Count III: Violation of the ADA Anti-Retaliation Clause (42 U.S.C. § 12203)

Defendants' framework creates a chilling effect on disabled individuals seeking accommodations or asserting ADA rights, by enabling attorneys to interpret such behavior as justification for guardianship petitions, constituting retaliation and intimidation under the statute.

Count IV: Violation of 42 U.S.C. § 1983 – Denial of Equal Protection and Access to Counsel

Plaintiff's fundamental rights under the First and Fourteenth Amendments are infringed by a system that punishes disability-related differences in communication by threatening a loss of legal autonomy and equal access to counsel.

V. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:
1. Declare that attorney guardianship provisions, as currently implemented in Arizona, violate the ADA and U.S. Constitution when applied to clients with disabilities who seek reasonable accommodations;
2. Enjoin Defendants from enforcing or applying such rules without a documented ADA evaluation and least-restrictive-alternative assessment;
3. Award nominal damages, if applicable;
4. Grant such other and further relief as this Court deems just and proper.

DATED this 20th day of May, 2025.

//s/JasonAdamJensen
Jason Adam Jensen
Pro Se Plaintiff
4449 East 13th St
Tucson, AZ 85711
Jasonajensen@gmail.com
402-598-1285