WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jason Adam Jensen, | No. CV-25-00239-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Supreme Court, et al., | |
| Defendants. | |

On May 22, 2025, pro se Plaintiff Jason Adam Jensen filed a Complaint against the Arizona Supreme Court, the State Bar of Arizona, and the State of Arizona, alleging violations of the Americans with Disabilities Act ("ADA") and 42 U.S.C. § 1983. (Doc. 1.) Plaintiff has also filed an Application for Leave to Proceed In Forma Pauperis and a Motion to Allow Electronic Filing by a Party Appearing Without an Attorney. (Docs. 9, 10.) For the following reasons, the Court will grant Plaintiff's Application for Leave to Proceed In Forma Pauperis, grant Plaintiff's Motion to Allow Electronic Filing by a Party Appearing Without an Attorney, and dismiss Plaintiff's Complaint without leave to amend.

**I.     Application to Proceed In Forma Pauperis**

The Court may allow a plaintiff to proceed without prepayment of fees when it is shown by affidavit that he "is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1); LRCiv 3.3. Review of Plaintiff's Application demonstrates that his modest living expenses exceed his limited income. (Doc. 9.) Therefore, the Court will grant Plaintiff's Application to Proceed In Forma Pauperis.

## II. Permission to Electronically File Documents

Plaintiff has also requested permission to electronically file documents in this matter. The applicable procedural rule requires that a "pro se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies referred to in the ECF Administrative Policies and Procedures Manual." ECF Administrative Policies and Procedures Manual, Section II.B.3. Plaintiff asserts that he possesses the technical requirements for e-filing and lists the equipment and software available to him. (Doc. 10 at 2.) He has also stated that he agrees to follow all rules and policies referred to in the ECF Administrative Policies and Procedures Manual. (*Id.* at 1–3.) Therefore, the Court will grant Plaintiff's request.

## III. Statutory Screening of IFP Complaint

District courts must dismiss an action filed in forma pauperis if the court determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

District Court screening orders apply the same standard as applied to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive dismissal for failure to state a claim, a plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Id.* at 555. Indeed, Fed. R. Civ. P. 8(a)(2) requires a showing that a plaintiff is entitled to relief "rather than a blanket assertion, of entitlement to relief." *Id.* at 555 n.3. The complaint "'must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right to action.'" *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed. 2004); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (interpreting Rule 8(a) and

1  explaining that there must be specific, non-conclusory factual allegations sufficient to
2  support a finding by the court that the claims are more than merely possible, they are
3  plausible).

4  When assessing the sufficiency of the complaint, all well-pleaded factual allegations
5  are taken as true and construed in the light most favorable to the plaintiff, *Keates v. Koile*,
6  883 F.3d 1228, 1234 (9th Cir. 2018), and all reasonable inferences are drawn in the
7  plaintiff's favor. *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th
8  Cir. 2016). Pro se filings must be construed liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342
9  (9th Cir. 2010) (A complaint filed by a pro se litigant "must be held to less stringent
10 standards than formal pleadings drafted by lawyers.") (quoting *Erickson v. Pardus*, 551
11 U.S. 89, 94 (2007) (per curiam)). Nonetheless, the court will not accept as true conclusory
12 legal allegations cast in the form of factual allegations. *Iqbal,* 556 U.S. at 678.

13 Finally, if the court determines that dismissal is appropriate, the plaintiff must be
14 given at least one chance to amend a complaint when a more carefully drafted complaint
15 might state a claim. *Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*, 911
16 F.2d 242, 247 (9th Cir. 1990) ("[A] district court should grant leave to amend even if no
17 request to amend the pleading was made, unless it determines that the pleading could not
18 possibly be cured by the allegation of other facts."). When dismissing with leave to amend,
19 the court is to provide reasons for the dismissal so a plaintiff can make an intelligent
20 decision whether to file an amended complaint. *See Bonanno v. Thomas*, 309 F.2d 320,
21 322 (9th Cir. 1962).

22 **A.    Complaint**

23 Plaintiff is a resident of Tucson, Arizona, who identifies as an individual with autism
24 spectrum disorder and other cognitive disabilities. (Doc. 1 at 1–2.) He brings this action
25 against the Arizona Supreme Court, the State Bar of Arizona, and the State of Arizona,
26 which he identifies as "state entities responsible for adopting, enforcing, and supervising
27 the ethical and regulatory rules governing licensed attorneys in Arizona." (*Id.*)

28 Plaintiff challenges provisions of the Arizona Rules of Professional Conduct that

allow attorneys to petition courts for guardianship over clients they believe cannot act in their own interests. (*Id.*) He alleges that this framework discriminates against individuals with disabilities in violation of Title II of the ADA. (*Id.* at 2–3.) Plaintiff further asserts that he "reasonably fears" any interaction with appointed counsel could be used to justify a guardianship petition, thereby chilling his access to legal assistance and violating the ADA's integration mandate and anti-retaliation provision. (*Id.*)

Plaintiff asserts four claims for relief: (1) violation of Title II of the ADA; (2) failure to provide reasonable modifications under Title II; (3) violation of the ADA's anti-retaliation provision; and (4) violation of 42 U.S.C. § 1983 based on the alleged denial of equal protection and access to counsel. (*Id.* at 2–3.) He seeks declaratory and injunctive relief, a determination that the challenged provisions are discriminatory as applied to clients with disabilities, nominal damages if applicable, and such other relief as the Court deems proper. (*Id.* at 3.)

He seeks declaratory and injunctive relief, a finding that the challenged ethical provisions are discriminatory as applied to clients with disabilities, and nominal damages if applicable. (*Id.* at 3.)

### B. Discussion

#### 1. Eleventh Amendment Sovereign Immunity

Before reaching the merits of Plaintiff's claims, the Court must first determine whether it has jurisdiction. The Eleventh Amendment precludes suits in federal court against a state and its instrumentalities absent consent or valid congressional abrogation and operates as a jurisdictional bar regardless of the relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 97, 101 (1984). The Court therefore must determine whether the Defendants—the State of Arizona, the Arizona Supreme Court, and the State Bar of Arizona—are subject to Eleventh Amendment immunity and, if so, whether any exception to that immunity applies.

Federal courts "have no power to resolve claims brought against state courts or state court judges acting in a judicial capacity." *Munoz v. Superior Ct. of Los Angeles Cnty.*, 91

F.4th 977, 981 (9th Cir. 2024). Such claims are barred by Eleventh Amendment immunity, which is "a threshold jurisdictional issue." *Id.* The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Beentjes v. Placer Cnty. Air Pollution Control Dist.*, 397 F.3d 775, 777 (9th Cir. 2005) (quoting *Bd. of Trs. of Univ. of Alabama v. Garret*, 531 U.S. 356, 363 (2001)). Accordingly, "[t]he Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995).

The State of Arizona is immune from suit in federal court under the Eleventh Amendment. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 669–70 (1999). The Arizona Supreme Court is likewise immune because it an "arm of the state." *See Lucas v. Ariz. Sup. Ct. Fiduciary Certification Program*, 457 F. App'x 689, 690 (9th Cir.2011) ("The Arizona Supreme Court . . . is an 'arm of the state' for Eleventh Amendment purposes."); *see also Breck v. Doyle*, 796 F. App'x 333 (9th Cir. 2019) ("Eleventh Amendment immunity extends beyond the state itself . . . [B]oth the Nevada Supreme Court and the [State Bar of Nevada] are arms of the State of Nevada, and so are immune from § 1983 damages claims." (citation omitted)). The State Bar of Arizona is similarly immune because it is an arm of the Arizona Supreme Court. *Strojnik v. State Bar of Ariz.*, 2020 WL 1275781, *3 (D. Ariz. 2020) ("Arizona state courts and courts in this District have definitively held that the State Bar 'is an arm of the Arizona Supreme Court,' and therefore, 'is immune from suit under the Eleventh Amendment.' " (citations omitted)); *see also Fitzhugh v. Miller*, No. CV-19-04632-PHX-DWL, 2020 WL 1640495, at *6 (D. Ariz. Apr. 2, 2020) ("[T]he SBA is an arm of the state and thus immune from suit under the Eleventh Amendment."). Thus, unless an exception applies, the Eleventh

Amendment bars Plaintiff from suing the Arizona Supreme Court, the Arizona State Bar Association, and the State of Arizona.

There are three exceptions to sovereign immunity: (1) "a state may waive its Eleventh Amendment defense;" (2) "Congress may abrogate the States' sovereign immunity by acting pursuant to a grant of constitutional authority;" and (3) "under the *Ex parte Young* doctrine, the Eleventh Amendment does not bar a suit against a state official when that suit seeks prospective injunctive relief." *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 818 (9th Cir. 2001), *amended*, 271 F.3d 910 (9th Cir. 2001); *see also Strojnik*, 446 F. Supp. 3d at 572–76. Here, none of these exceptions apply. Plaintiff does not identify any federal statute or congressional act that abrogates the State's immunity, nor does he allege that Arizona waived its immunity or consented to suit in federal court. Plaintiff also fails to name any state official in his or her official capacity, and therefore the *Ex parte Young* exception does not apply. *See Alabama v. Pugh*, 438 U.S. 781, 781–82 (1978). Accordingly, the Court lacks subject-matter jurisdiction over Plaintiff's claims. *See Ctr. for Biological Diversity v. U.S. Forest Serv.*, 532 F. Supp. 3d 846, 855–56 (D. Ariz. 2021), *aff'd*, 80 F.4th 943 (9th Cir. 2023).

This action is also barred because the State of Arizona and its instrumentalities are not "persons" for purposes of § 1983 actions. *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Governmental agencies that constitute arms of the state likewise are not "persons" for § 1983 purposes. *Howlett v. Rose*, 496 U.S. 356, 365 (1990). Moreover, § 1983 does not abrogate States' Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 338–41 (1979); *see also O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982) (noting that "[t]he Supreme Court has made it clear that section 1983 does not constitute an abrogation of the [E]leventh [A]mendment immunity of the states."). Thus, Eleventh Amendment immunity bars § 1983 actions for damages against a state, its agencies, and state officials sued in their official capacities. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).

Because the State of Arizona, the Arizona Supreme Court, and the State Bar of Arizona are the only Defendants in this action, and all are immune from suit under the Eleventh Amendment, Plaintiff's § 1983 claim must be dismissed, leaving only the ADA claims for further consideration. The State and its instrumentalities are not "persons" under § 1983, and that deficiency cannot be cured by additional factual allegations. Plaintiff's § 1983 claim is therefore dismissed with prejudice because it cannot be brought even in state court. *See Pittman v. Oregon, Emp. Dep't*, 509 F.3d 1065, 1072 (9th Cir. 2007) (noting that § 1983 claims also cannot be brought in state court against states or "arms of the state").

### 2. Plaintiff Fails to Establish That He Has Article III Standing to Challenge the Constitutionality of the ADA

Although the ADA claims are not barred by sovereign immunity, they nonetheless fail because Plaintiff has not established Article III standing. For Plaintiff to bring suit in this Court, he must demonstrate standing by showing "he has a personal stake in the outcome, or 'injury in fact,' and . . . a causal connection between the injury and the challenged action, such that it is redressable by the court." *Arizona Cattle Growers' Ass'n v. Cartwright*, 29 F. Supp. 2d 1100, 1106 (D. Ariz. 1998) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992)); *see also Bishop v. Smith*, 760 F.3d 1070, 1076 (10th Cir. 2014) (holding that to establish standing a plaintiff "must show (1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."). At the pleading stage "the plaintiff must clearly ... allege facts demonstrating each element." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016) (internal quotations omitted).

Beyond these constitutional requirements, prudential limitations further restrict standing. A plaintiff must assert his own legal interests rather than those of others, his grievance must not be a generalized concern "better addressed by the legislature," and he must fall within the zone of interests protected by the statute at issue. *Arizona Cattle*

*Growers' Ass'n*, 29 F. Supp. 2d at 1106 (citing *Sierra Club v. Morton*, 405 U.S. 727 (1972); *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208 (1974); *Ass'n of Data Processing Serv. Orgs., Inc. v. Camp*, 397 U.S. 150 (1970)). The plaintiff bears the burden of establishing the existence of a justiciable case or controversy, and "'must demonstrate standing for each claim he seeks to press' and 'for each form of relief' that is sought." *Davis v. Federal Election Comm'n*, 554 U.S. 724, 734 (2008) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)).

The Supreme Court has emphasized that "when a court is asked to undertake constitutional adjudication, the most important and delicate of its responsibilities, the requirement of concrete injury further serves the function of ensuring that such adjudication does not take place unnecessarily." *Schlesinger*, 418 U.S. at 221. "The desire to obtain sweeping relief cannot be accepted as a substitute for compliance with the general rule that the complainant must present facts sufficient to show that his individual need requires the remedy for which he asks." *Id.* (quoting *McCabe v. Atchison, T. & S.F.R. Co.*, 235 U.S. 151, 164 (1914)).

As set forth above, Plaintiff challenges provisions of the Arizona Rules of Professional Conduct that, in his view, permit attorneys to seek guardianship over clients they believe cannot act in their own interests. (Doc. 1 at 2–3.) He alleges that Title II of the ADA, as applied by Arizona's courts and bar, fails to prevent this discrimination and thereby violates the Fourteenth Amendment. (*Id.* at 3.) The Complaint, however, fails to allege sufficient facts which, if established, plausibly demonstrate that Plaintiff suffered an injury arising from the State of Arizona's adoption or enforcement of these provisions. Plaintiff does not allege that any attorney has petitioned for guardianship over him, that any proceeding is pending against him, or that the challenged provisions have ever been applied to him. Instead, he claims a "reasonable fear" that these rules might one day be used to limit his legal autonomy. Such speculative allegations of possible future injury are insufficient to establish Article III standing. *See Lujan*, 504 U.S. at 560 (for Article III standing, "there must be a causal connection between the injury and the conduct

complained of—the injury has to be fairly … traceable to the challenged action of the defendant"); *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013) (injury cannot rest on an "attenuated chain of possibilities"); *Allen v. Wright*, 468 U.S. 737, 757 (1984) (the "line of causation" between a defendant's actions and a plaintiff's alleged harm must be more than "attenuated").

Because Plaintiff's allegations rest solely on generalized policy objections and speculative fears of future injury, he lacks standing to pursue his ADA claims against the State of Arizona or its instrumentalities. His request for sweeping relief, such as having this Court invalidate Arizona's regulatory framework, "cannot be accepted as a substitute for compliance with the general rule" that he must present "facts sufficient to show that his individual need requires the remedy for which he asks." *Schlesinger*, 418 U.S. at 221–22. Read as a whole, the Complaint raises generalized concerns about disability discrimination that are "better addressed by the legislature." *Id.* at 227 (recognizing that "[o]ur system of government leaves many crucial decisions to the political processes."). The formulation and enforcement of professional-ethics rules for attorneys are matters entrusted to the Arizona Supreme Court's constitutional authority and not the proper subject of federal judicial intervention absent a concrete, personal injury. *See In re Shannon*, 179 Ariz. 52, 876 P.2d 548, 571 (1994) ("The determination of who shall practice law in Arizona and under what condition is a function placed by the state constitution in this court" (internal quotation marks omitted)).

**IV.    Leave to Amend**

"Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (internal quotation marks and citation omitted). Rule 15 of the Federal Rules of Civil Procedure provides that the court should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission*

*Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). "[T]he 'rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant. Presumably unskilled in the law, the pro se litigant is far more prone to make errors in pleading than the person who benefits from the representation of counsel.'" *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

Nonetheless, leave to amend may be denied when amendment would be futile or subject to immediate dismissal. *Carrico v. City and Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). Here, it is absolutely clear that the deficiencies in Plaintiff's Complaint cannot be cured by amendment. The State of Arizona, the Arizona Supreme Court, and the State Bar of Arizona are immune from suit under the Eleventh Amendment and are not "persons" under § 1983. The ADA claims are not barred by sovereign immunity, but nonetheless fail because Plaintiff does not establish Article III standing. No additional facts could overcome these jurisdictional and legal bars. Therefore, leave to amend will be denied as futile.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Application to Proceed in Forma Pauperis (Doc. 9) is **granted**. Plaintiff is not required to pay the filing fee.

2. Plaintiff's Motion to Allow Electronic Filing by A Party Appearing Without an Attorney (Doc. 10) is **granted** in this case only.

Plaintiff is required to comply with all rules outlined in the District of Arizona's Case Management/Electronic Case Filing Administrative Policies and Procedures Manual, to have access to the required equipment and software, to have a personal electronic mailbox of sufficient capacity to send and receive electronic notice of case-related transmissions, and to be able to electronically transmit documents to the court in .pdf form. Plaintiff is further required to register as a subscriber to PACER (Public Access to Electronic Records) within five (5) days of the date of this Order and to comply with the

privacy policy of the Judicial Conference of the United States and the E-Government Act of 2002.

Any misuse of the ECF system will result in immediate discontinuation of this privilege and disabling of the password assigned to the party.

3. Plaintiff's Complaint (Doc. 1) against the Arizona Supreme Court, the State Bar of Arizona, and the State of Arizona, is **dismissed with prejudice** and **without leave to amend**.

4. The Clerk of Court is directed to enter judgment accordingly and close this case.

Dated this 6th day of November, 2025.

_____
Jennifer G. Zipps
Chief United States District Judge